IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES C. HOWARD,

    Plaintiff,

v.                                                                                                      Civil Action No. **3:12CV578**

CITY OF HAMPTON, VA, *et al.*,

    Defendant.

## MEMORANDUM OPINION

James C. Howard, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2).

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B. **Summary of Allegations**

In his Particularized Complaint ("Complaint"),[2] Howard claims that Defendants Hampton Police Department Chief, Family Dollar Management, and Anton Bell, a Commonwealth's Attorney for Hampton, violated his Fourth,[3] Sixth,[4] Eighth,[5] and Fourteenth Amendment[6] rights and deprived him of his rights under 18 U.S.C. §§ 241[7] and 242.[8] Howard alleges:

---

[2] The Court has corrected the capitalization in the quotations from Howard's Complaint.

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." U.S. Const. amend. VI.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] Because Howard is a state inmate bringing claims against state actors, his due process claims arise under the Fourteenth Amendment, not the Fifth Amendment. The Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property,

1) <u>Hampton Police Dept. - Chief</u>,
On March 5, 2010, (2) two Hampton Police officers stopped Plaintiff, imforming [sic] Plaintiff he fit the description of a person accused of stealing some items from the Family Dollar. One officer back tracked to the Family Dollar in scearch [sic] to find stolen property from the Family Dollar, but reported back to the other officer that nothing was found. Plaintiff at the time was stopped by the Hampton Police officers just about 2 [and] a half blocks away from the Family Dollar. After Plaintiff was scearched [sic] by Hampton Police officers and had none of the items that was stolen on his person. Plaintiff was taken to jail without any evidence, no warrant, which violates Plaintiff's 4th Amend. of seizures of a person, and no warrant of arrest and 5th Amend. of, nor be deprived of life, liberty, or property without due process of law. Plaintiff believes if proper procedures would have been followed he would not have lingered over (9) months in jail.

2) <u>Family Dollar - Management</u>,
Store manager made a complaint of a man taking items from that Family Dollar. Plaintiff did enter Family Dollar, but store was in service and full of people, so Plaintiff left the store and was stopped (2) [and] a half blocks away

---

without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[7] The statute states in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . They shall be fined under this title or imprisoned not more than ten years, or both . . . .

18 U.S.C. § 241.

[8] The statute provides in relevant part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . . .

18 U.S.C. § 242.

4

from the Family Dollar. Family Dollar store manager (name unknown) never appeared in court to defend the complaint against Plaintiff for over (9) months the case was continued over 3 or 4 times. This deprived Plaintiff of his 6th Amend. of to be confronted with the witnesses against him, of the United States Constitution.

3) <u>Anton Bell – Commonwealth Attorney</u>,
The Commonwealth Attorneys office never had any factual evidence to try or convict Plaintiff. (the case was non-poss.) on Dec. 7, 2010. Plaintiff was held in jail without evidence and witnesses, and offered a plea that Plaintiff turned down, because Plaintiff was innosense [sic] and maintain his innosense [sic] causing Plaintiff to be left in jail for over (9) months. Plaintiff's attorney Kevin Shea informed Plaintiff that his case was continued 3 or 4 times, because the Commonwealth had "<u>no</u>" witnesses or evidence against Plaintiff for close to (8) months, holding Plaintiff in jail for over (9) months. . . . Plaintiff charge the Commonwealth Attorneys office with violating Plaintiff rights according to code 18 U.S.C. [§] 241 and code 18 U.S.C. [§] 242 claim of false imprisonment violating Plaintiff's 4th Amend. of no warrants shall issue, but upon probable cause, supported by oath or affirmation, 5th Amend. nor be deprived of life, liberty 8th Amend. nor cruel and unusual punishment inflicted, covered by the 14th Amend. of due process of law and equal protection of law, under the United States Constitution. These actions violated Plaintiff[']s constitutional rights.

(Compl. 2–4, ECF No. 25.) Howard seeks monetary damages. (*Id.*)

C.     **Analysis**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Outside of the heading for the section, Howard fails to mention the Hampton Police Department Chief in the body of his Complaint, much less explain how he was personally involved in the

5

events for which Howard seeks relief. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Accordingly, Howard has failed to state a claim against Defendant Hampton Police Department Chief.

Howard also names Family Dollar Management as a defendant. Family Dollar Management is not a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Finally, prosecutorial immunity bars Howard's claims against Defendant Anton Bell. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citation omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley*, 509 U.S. at 273. Because Defendant Bell's actions were conducted in the course of his pursuit of a criminal prosecution against Howard, he enjoys absolute immunity from this § 1983 suit. *See Imbler*, 424 U.S. at 430

(holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Martin v. Richmond City Police Dept.*, No. 3:08cv849, 2009 WL 2232753, at *5 (E.D. Va. July 21, 2009) (explaining that "[t]he conduct of a prosecutor in plea-agreement discussions . . . cannot be deemed investigative where adversarial proceedings have obviously already commenced" and such actions "were therefore 'intimately associated with the judicial phase of the criminal process'" (quoting *Imbler*, 424 U.S. at 430–31))).

Accordingly, the action will be DISMISSED for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/29/15
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge